1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3    Johnny Baggett,                                    Case No.: 2:23-cv-00744-APG-MDC

4              Petitioner,                              **Order Denying Petitioner's
                                                        Motion to Stay Without Prejudice,**
5    v.                                                 **Granting Petitioner's Motion to Seal and
                                                        Motion to Extend, and Granting the**
6    State of Nevada,                                   **Respondents' Motion to Seal**

7              Defendant.                               [ECF Nos. 22, 32, 36, 39]

8

9          Petitioner Johnny Baggett has filed a counseled first amended petition (ECF No. 20) and

10   now requests a stay while he litigates his state postconviction petition. ECF No. 36.  Also

11   pending are Baggett's motion to seal (ECF No. 22) and motion to extend (ECF No. 39) as well as

12   the respondents' motion to seal (ECF No. 32) and motion to dismiss (ECF No. 35).

13                                            **Background**

14         The state court sentenced Baggett to life without the possibility of parole for two counts

15   of first degree murder with the use of a deadly weapon; burglary; robbery with use of a deadly

16   weapon; two counts of assault with a deadly weapon; three counts of discharging a firearm at or

17   into an occupied structure, vehicle, aircraft, or watercraft; three counts of discharging a weapon

18   where a person might be endangered; and carrying a concealed firearm or other deadly weapon.

19   The Court of Appeals affirmed the conviction.

20         Baggett filed a state habeas petition that was denied. The Nevada Court of Appeals

21   affirmed the denial of relief. Baggett initiated this federal habeas corpus proceeding and

22   following the appointment of counsel, he filed his first amended petition. ECF No. 20.  The

23   respondents move to dismiss Grounds 2 through 6 as unexhausted. ECF No. 35.  In June 2024,

1  Baggett returned to state court and filed a second state habeas petition raising the same claims

2  that the respondents argue, and Baggett concedes, are unexhausted.  Baggett's second state

3  habeas petition remains pending before the state court.

**Discussion**

**A.  Motion to Stay**

6  A district court is authorized to stay an unexhausted petition in "limited

7  circumstances," to allow a petitioner to present unexhausted claims to the state court without

8  losing his right to federal habeas review due to the relevant one-year statute of

9  limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912

10  (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both

11  mixed petitions and "fully unexhausted petitions under the circumstances set forth

12  in *Rhines*").  Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the

13  petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted

14  claims are potentially meritorious; and (3) there's no indication that the petitioner intentionally

15  engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir.

16  2008) (citing *Rhines*, 544 U.S. at 278).

17  The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not

18  require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425

19  F.3d 654, 661–62 (9th Cir. 2005)).  But courts "must interpret whether a petitioner has 'good

20  cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the

21  district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540

22  F.3d at 1024 (citing *Jackson*, 425 F.3d at 661).  Courts must also "be mindful that AEDPA aims

23  to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state

court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

Baggett asserts that he can overcome all applicable procedural bars because he has newly presented evidence of actual innocence including an exculpatory fingerprint report, two witnesses describing the murder suspect as Hispanic, evidence that the murders were gang related, and evidence that ballistics matching is unreliable. ECF No. 36 at 3-4.  He filed his second state habeas petition raising his unexhausted claims and newly presented evidence of actual innocence.  He argues that he is required to return to state court because his actual innocence argument provides an avenue for having his claims heard in state court. ECF No. 40 at 8.

Baggett does not demonstrate good cause to excuse his failure to present his unexhausted claims and actual innocence argument to the Nevada state courts.  It appears that Baggett was represented by counsel during the post-conviction proceedings before the state court and although his motion lists the newly presented evidence, Baggett does not assert that post-conviction counsel rendered ineffective assistance for failure to develop or pursue the legal or factual basis for his unexhausted claims or to present new evidence in support of his actual innocence argument.  *See Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014) (finding that ineffective assistance of postconviction counsel or a lack of postconviction counsel can constitute good cause under *Rhines*.)  He does not argue that the newly presented evidence was not previously known to him or that it was not previously available.  Moreover, it is not clear that a return to state court to argue actual innocence as a basis to excuse procedural default is required.  For these reasons, Baggett's showing of good cause is inadequate to support a *Rhines* stay.  Accordingly, I deny Baggett's motion to stay the petition without prejudice.  Baggett has

30 days to renew his motion to stay.  If he chooses not to file a renewed motion to stay, he must file his opposition to the respondents' motion to dismiss within 45 days of entry of this order.

**B.  Motions to Seal**

Baggett seeks leave to file under seal (ECF No. 22): Exhibit 21, Petitioner's Presentence Investigation Report ("PSI") (ECF No. 23), dated May 3, 2018. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5). In addition, the respondents seek leave to file under seal (ECF No. 32): Exhibit 77, Supplement to Baggett's Sentencing Memorandum (ECF No. 33-1).  Exhibit 77 contains confidential information including medical records and school records.

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, I find that a compelling need to protect the petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records.  Accordingly, Baggett and the respondents' motions to seal are granted, and Exhibits 21 and 77 are considered properly filed under seal.

**C.  Motion to Extend**

Baggett seeks an extension of time to file his reply in support of his motion to stay. ECF No. 39.  I find that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant Baggett's motion.

**Conclusion**

I THEREFORE ORDER:

1.  Petitioner Johnny Baggett's Motion to Stay (ECF No. 36) is denied without prejudice. Baggett has 30 days to renew his motion to stay.  If he chooses not to file a renewed

motion to stay, he must file his opposition to the respondents' motion to dismiss within 45 days of entry of this order.

2.  Baggett's Motion to Seal (ECF No. 22) is granted. Exhibit 21 is considered properly filed under seal.

3.  The respondents' Motion to Seal (ECF No. 32) is granted.  Exhibit 77 is considered properly filed under seal.

4.  Baggett's unopposed first Motion to Extend (ECF No. 39) is granted *nunc pro tunc*.

DATED this 18th day of October, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE