UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Johnny Baggett,<br><br>       Petitioner,<br><br>v.<br><br>State of Nevada, *et. al.*,<br><br>       Respondents. | Case No. 2:23-cv-00744-APG-MDC<br><br>**Order Granting<br>Renewed Motion for Stay and Abeyance,<br>and Denying Motion to Dismiss Without<br>Prejudice**<br><br>[ECF Nos. 35; 42] |

Petitioner Johnny Baggett filed a renewed motion for stay and abeyance (ECF No. 42) while he attempts to exhaust grounds 2–6 of his first-amended habeas petition (ECF No. 20) in a pending second state habeas petition. Also pending is the respondents' motion to dismiss the first-amended petition (ECF No. 35).

**Background**

Baggett was convicted of, among other things, two counts of first-degree murder, and he was sentenced to life without the possibility of parole. ECF No. 21-7. The Nevada Court of Appeals affirmed the convictions. ECF No. 21-9. Baggett unsuccessfully sought relief in an initial state habeas petition. ECF No. 21-12.

Baggett initiated this federal habeas corpus proceeding and filed a first-amended petition. ECF No. 20. Grounds 1–3 and 5–6 of the first-amended petition raise claims of ineffective assistance of trial counsel. *Id.* at 9–29, 32–42. Ground 4 alleges there was insufficient evidence at trial to support the conviction. *Id.* at 30–31. Baggett's first-amended petition does not allege a claim of actual innocence. *Id.*

Baggett has returned to state court seeking relief under a pending second state habeas petition raising the same claims he now raises in grounds 2–6 of the first-amended petition. He

states he is attempting to exhaust the claims by arguing to the Nevada courts that he can overcome Nevada's procedural bars to consideration of his claims because he is innocent and failure to consider the claims would amount to a fundamental miscarriage of justice. ECF No. 42 at 2, 4–10.

The respondents move to dismiss grounds 2–6 as unexhausted. ECF No. 35. Baggett previously filed a motion for stay and abeyance during the pendency of his second state habeas petition seeking to exhaust those claims. ECF No. 36 at 4. I found Baggett failed to demonstrate good cause to excuse his failure to present his unexhausted claims and actual innocence argument to the state courts because he failed to assert counsel for the initial state habeas proceeding was ineffective for failing to develop the legal or factual basis of his unexhausted claims or by failing to present new evidence in support of his actual innocence argument. ECF No. 41. I also found he did not argue the newly presented evidence was not previously known or available as a basis to excuse his default. *Id.* I issued an order denying the motion for stay without prejudice to Baggett filing a renewed motion for stay within 30 days of that order. *Id.*

Baggett filed an untimely renewed motion for stay and abeyance. ECF No. 42. Respondents filed an opposition to the motion for stay without objecting to its untimeliness. ECF No. 43. Baggett filed a reply. ECF No. 44.

## Discussion

In limited circumstances, I can order stay and abeyance of a mixed petition to allow a petitioner an opportunity to exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a

mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

### A. Good Cause

Baggett argues there is good cause for the stay because his counsel for the initial state habeas petition rendered ineffective assistance by failing to develop or pursue the legal or factual basis of his unexhausted ineffective-assistance-of-trial-counsel claims raised in grounds 2–3 and 5–6. ECF No 42 at 7–10. The Ninth Circuit has held a showing of good cause to obtain a stay turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). A habeas petitioner may establish good cause for failure to exhaust a claim of ineffective assistance of trial counsel, as required to support stay and abeyance of his mixed habeas petition containing both exhausted and unexhausted claims, where the petitioner presents evidence that state post-conviction counsel failed to conduct any independent investigation or retain experts to discover the facts underlying the claim of ineffective assistance of trial counsel. *See id.*

In his motion for stay and abeyance, Baggett asserts he has advanced arguments of actual innocence in his second state habeas petition as a basis for his attempt to overcome the Nevada procedural bars to the state court's consideration of the merits of his unexhausted claims of ineffective assistance of trial counsel alleged in grounds 2–3 and 5–6 of the first-amended petition. ECF No. 42 at 3, 5–7. Baggett asserts he has presented the state courts with evidence supporting his claims, including a fingerprint report, two witnesses describing the murder suspect as Hispanic, evidence the murders were gang-related, and evidence that ballistics matching is

3

unreliable. ECF No. 36 at 3–4. I find Baggett has established good cause for a stay and abeyance of this proceeding as he asserts initial postconviction counsel was ineffective for failing to pursue the factual and legal basis for his ineffective-assistance-of-trial-counsel claims, he presented the state courts with evidence to support those claims, and state law affords an avenue for relief from procedural bars if, upon an adequate showing of innocence, failure to consider the claims would result in a miscarriage of justice. *See Blake*, 745 F.3d at 982. *See also*, *infra* pp. 4–5.

### B. Plainly Meritless

"A federal habeas petitioner must establish at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (citing *Rhines*, 544 U.S. at 277). "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing'." *Dixon*, 847 F.3d at 722 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (citing *Cassett*, 406 F.3d at 624).

The unexhausted claims in the first-amended petition allege: (1) trial counsel failed to introduce exculpatory evidence; (2) trial counsel failed to present evidence on the reliability of ballistics testing; (3) insufficient evidence supports the murder convictions; (4) trial counsel failed to introduce mitigating evidence or consult a mental health expert; and (5) trial counsel failed to argue age as mitigation. ECF No. 20. Baggett asserts he provided the state court with newly presented evidence of actual innocence to overcome the procedural bars to consideration of his ineffective assistance of trial counsel claims, including an alleged exculpatory fingerprint

report, two witnesses describing the murder suspect as Hispanic, evidence the murders were gang-related, and evidence of the unreliability of ballistics evidence. ECF No. 42 at 4–14.

The Nevada Supreme Court has held that, to demonstrate a fundamental miscarriage of justice to avoid a procedural bar to a postconviction petition for writ of habeas corpus as successive, petitioner must make a colorable showing of "actual innocence," which is factual innocence, not legal innocence. *See Brown v. McDaniel*, 130 Nev. 565, 576 (2014). *See also Chappell v. State*, 137 Nev. 780, 802 (2021) (acknowledging that even if a petitioner has not demonstrated cause and prejudice, he can overcome procedural bars based on a colorable showing of actual innocence); *Pellegrini v. State*, 117 Nev. 860, 887 (2001). Actual innocence in this context means "'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence' presented in his habeas petition." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Pellegrini*, 117 Nev. at 887. This "standard is demanding and permits review only in the extraordinary case." *Berry v. State*, 131 Nev. 957, 969 (2015) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).

I am unable to conclude that all of Baggett's claims are plainly meritless without conducting a merits analysis, including a review of the trial transcripts and alleged new evidence. Thus, although it appears doubtful that Baggett can overcome the state procedural bars to consideration of his unexhausted claims based on a claim of actual innocence, it is not perfectly clear that Baggett has no hope of prevailing on at least one of the claims. *Dixon*, 847 F.3d at 722.

For the foregoing reasons, I find Baggett has demonstrated good cause to excuse the default of his claims of ineffective assistance of counsel, it is not perfectly clear that all the claims are plainly meritless, and there is no indication Baggett has engaged in intentionally

dilatory litigation tactics. Accordingly, I find Baggett is entitled to a stay of these proceedings while he litigates in state court his claims raised in grounds 2–6 of the first-amended petition.

## Conclusion

I THEREFORE ORDER:

1. Petitioner Johnny Baggett's Renewed Motion for Stay and Abeyance (ECF No. 42) is granted.

2. This action is stayed pending exhaustion of the unexhausted claims contained in the first amended petition. It is further ordered that the grant of a stay is conditioned upon Petitioner litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court to file a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

3. It is further ordered that Respondents' motion to dismiss (ECF No. 35) is denied without prejudice.

4. It is further ordered that the clerk shall administratively close this action until such time as I grant a motion to reopen the matter.

DATED this 13th day of January, 2025.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE